UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIAM KINNEY, and MARGARET KINNEY, )
                                        )
         Plaintiffs,                    )
                                        )
v.                                      )   No. 3:16-CV-78-TAV-HBG
                                        )
ANDERSON LUMBER COMPANY, INC., et al.,  )
                                        )
         Defendants.                    )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions: (1) Plaintiffs' Motion to Compel, or in the Alternative, Leave to Serve Additional Discovery Requests [Doc. 51], (2) Plaintiffs' Motion for an Order Compelling Discovery [Doc. 52], and (3) Plaintiffs' Motion for Clarification [Doc. 57]. Accordingly, for the reasons explained below, the Court **DENIES** Plaintiffs' Motions [**Docs. 51, 52, 57**].

I. **POSITIONS OF THE PARTIES**

With respect to Plaintiffs' Motion to Compel [Doc. 51], they request that the Court compel Defendant Kizer & Black, Attorney, PLLC ("Kizer & Black") to produce any and all information and documentation used by Attorney Davis to support her allegation that Plaintiffs are sovereign citizens. Plaintiffs explain that during the hearing held on October 18, 2017, before the undersigned, Attorney Davis stated that Plaintiffs were sovereign persons or using a sovereign person's defense. Plaintiffs state that such terms were unfamiliar to them. After the hearing, they performed an internet search on "sovereign citizens" and were absolutely shocked to realize the

implications of Attorney Davis's accusation. They further assert that Attorney Davis's comment is pertinent to Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim.

Defendant Kizer & Black filed a Response [Doc. 56], stating that during the October 18 hearing, Attorney Davis never claimed that Plaintiffs were sovereign citizens. Instead, she compared their filings with the Court as being like those of sovereign citizens. Further, Defendant states that any statements made in the course of litigation and Court proceedings by counsel are absolutely privileged. Defendant also asserts that the allegations in the Complaint are not relevant to the issues raised in Plaintiffs' Motion. In addition, Defendant asserts that the Motion to Compel is premature because Plaintiffs served their discovery requests with the Motion to Compel. Finally, Defendant asserts that Plaintiffs' Motion does not include a good-faith certification.

With respect to Plaintiffs' Motion for an Order Compelling Discovery [Doc. 52], Plaintiffs seek an order compelling Defendant Anderson Lumber Company, Inc., ("Anderson Lumber") to produce a copy of the credit application. Plaintiffs state that during the October 18 hearing, Plaintiff William Kinney told the Court that there is no contract or account level documentation showing that Plaintiffs opened an Anderson Lumber credit account as claimed by Defendant. The Motion states that during the hearing, the undersigned ordered Defendant Kizer & Black to produce the credit application, and Attorney Davis stated, "There's a copy of it somewhere around the office." Plaintiffs continue that this comment was evasive and a deliberate attempt to induce the Court into believing the application exists.

Defendant Anderson Lumber filed a Response [Doc. 55], arguing that the credit application was attached to the original and the amended complaints that were filed in state court. Defendant Anderson Lumber continues that the credit application was also made available for inspection during document production. In addition, attached to its Response is a Commercial Credit

Application. [Doc. 55-1]. Defendant requests that Plaintiffs be required to pay Defendant Anderson Lumber's costs in responding to the instant Motion.

## II. ANALYSIS

With respect to the Motions to Compel [Docs. 51 and 52], the Court has considered the parties' filings and finds the Plaintiffs' requests not well taken. As mentioned above, the first Motion to Compel requests that the Court compel Defendant Kizer & Black to produce any and all information and documentation used by Attorney Davis to support her allegation that Plaintiffs are sovereign citizens. In the alternative, Plaintiffs request leave to serve additional discovery requests regarding Attorney Davis's allegation that Plaintiffs are sovereign citizens.

As an initial matter, Attorney Davis's comment during the hearing had no effect on this Court's subsequent ruling. [Doc. 54]. Further, the Court finds such discovery irrelevant for purposes of the underlying claims in this case. In addition, Plaintiffs' Motion does not comply with Federal Rule of Civil Procedure 37(a), which requires a certification of good faith that the party has conferred or attempted to confer in good faith prior to seeking Court action. Finally, Plaintiffs did not comply with the procedure outlined in the Scheduling Order [Doc. 16 at 4] for resolving discovery disputes. The Court's previous Memorandum and Order [Doc. 54] admonished the parties to follow the procedure or risk future motions regarding discovery disputes being summarily denied. Accordingly, the Plaintiffs' Motion to Compel [**Doc. 51**] is **DENIED**.

With respect to Plaintiffs' second Motion for an Order Compelling Discovery [Doc. 52], the Court also finds this Motion not well taken. At the October 18 hearing, the Court ordered [Doc. 54] Defendants to produce the Anderson Lumber Credit Application. Defendant Anderson Lumber's Response to the instant Motion states that that it has produced the Anderson Lumber Credit Application multiple times, including attaching a copy to its Response. [Doc. 55-1]. The

Court finds that Defendant Anderson Lumber has produced the Credit Application that it intends to rely on in defending this case. Although Plaintiffs assert that the Anderson Lumber Credit Application, in the name of William or Margaret Kinney, does not exist, the Court finds this argument goes to the merits of the underlying case and is not the proper subject of a Motion to Compel. The Court observes that Plaintiffs' request for an order compelling production of a document is incompatible with their argument that the document does not exist. Accordingly, Plaintiffs' Motion for an Order Compelling Discovery [**Doc. 52**] is **DENIED**.

Finally, Plaintiffs filed a Motion for Clarification [Doc. 57], requesting clarification of the Court's Order [Doc. 54], which states, "The Plaintiffs explain that they are challenging the constitutionality of Tennessee code Annotated § 23-3-101 and 103 in state court." Plaintiffs state that they have misstated the issue or that the Court has misunderstood the issue. Plaintiffs explain that they have already presented the constitutional challenge to the State and that the matter is unresolved. The Court understands Plaintiffs' position but finds no additional clarification is warranted given that the Court's statement was made in relation to Plaintiffs' request for a continuance of the hearing, which was moot.[1]

---

[1] The Court observes that the Plaintiffs have filed a Constitutional Challenge of Tennessee's UPL Law and Memorandum of Law [Doc. 59].

## III. CONCLUSION

Accordingly, for the reasons explained above, Plaintiffs' Motion to Compel, or in the Alternative, Leave to Serve Additional Discovery Requests [**Doc. 51**], Plaintiffs' Motion for an Order Compelling Discovery [**Doc. 52**], and Plaintiffs' Motion for Clarification [**Doc. 57**] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge