UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM KINNEY and<br>MARGARET KINNEY,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDERSON LUMBER COMPANY, INC.,<br>BLUE TARP FINANCIAL, INC.,<br>KIZER & BLACK ATTORNEYS, PLLC,<br>McDONALD, LEVY, & TAYLOR, P.C.,<br>and JASON ROSE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.: 3:16-CV-78-TAV-HBG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

Before the Court are plaintiffs' motion for leave to amend the complaint [Docs. 35, 36] and defendants' motions for judgment on the pleadings [Docs. 32, 33, 48]. Defendants responded to plaintiffs' motion [Doc. 38], and plaintiffs responded to defendants' motions [Docs. 34, 37, 50]. Plaintiffs also filed a reply regarding their motion for leave to amend [Doc. 39]. For the reasons explained below, the Court will deny plaintiffs' motion for leave to amend and grant defendants' motions for judgment on the pleadings.

**I.    BACKGROUND**

This matter originated when defendant Anderson Lumber Company, Inc. ("Anderson") filed a complaint on November 21, 2012, against "Chris Kinney and Margaret Kinney, d/b/a Kinney Custom Interiors," in the Circuit Court for Blount County, Tennessee, Equity Division [Case No. 3:15-cv-324, Doc. 3 pp. 7–8]. In the complaint underlying the state action, Anderson sought recovery of $34,765.98 from the Kinneys for

"supplies and materials" they allegedly purchased from Anderson [*Id.*]. Anderson's corporate attorney, John T. McArthur of the firm Kizer & Black Attorneys, PLLC ("K&B"), filed the state action [*Id.* at 8]. On August 11, 2014, the state court added William Kinney as an additional defendant to the action [*Id.* at 12].

On December 2, 2014, the Circuit Court for Blount County issued an order referring the case to Special Master Jason Rose [Case No. 3:15-cv-324, Doc. 1-2 pp. 85–86]. A hearing was held on February 13, 2015, and Special Master Rose issued a report on April 30, 2015 [3:15-cv-324, Doc. 3 pp. 15–19]. He determined that that the Kinneys owed Anderson $32,912.95 [*Id.*]. On July 28, 2015, the Kinneys attempted to remove the state action to federal court by filing a notice of removal [3:15-cv-324, Doc. 1]. Anderson then filed a motion to remand [3:15-cv-324, Doc. 3], which the Court granted [3:15-cv-324, Docs. 7, 8]. Plaintiffs then once again attempted to remove the underlying state court action to federal court [3:17-cv-288, Doc. 1], and defendants filed motions to remand [3:17-cv-288, Docs. 4, 5], which the Court granted [3:17-cv-288, Doc. 12].

On February 16, 2016, plaintiffs, acting *pro se*, filed the present action, alleging a number of claims against Anderson, their lawyers, various finance firms, and Jason Rose, the special master in the state court proceedings [Doc. 1]. Defendants filed motions to dismiss [Docs. 4–7, 14], after which plaintiffs moved for leave to amend the complaint [Doc. 23], which they had previously amended once before [Doc. 3]. On March 28, 2017, the Court granted in part and denied in part defendants' motion to dismiss, allowing only plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims against Anderson,

McDonald, and K&B to proceed [Doc. 28]. The Court also denied plaintiffs' motion to amend the complaint for failure to comply with local rules, undue delay in moving to amend, and futility [*Id.*].

The remaining defendants then filed motions for judgment on the pleadings [Docs. 32, 33, 48], after which plaintiffs again moved for leave to amend the complaint [Docs. 35, 36]. These motions are presently before the Court.

## II. ANALYSIS

Although plaintiffs filed their motion to amend after defendants filed their motions for judgment on the pleadings, granting a motion for judgment on the pleadings before addressing a pending motion to amend can be an abuse of discretion. *See Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991). As such, the Court first considers plaintiffs' motion to amend, and will then turn to defendants' motions for judgment on the pleadings.

### A. Plaintiffs' Motion for Leave to Amend the Complaint

Having previously amended the complaint, and having previously been denied leave to amend the complaint a second time, plaintiffs once again move for leave to amend the complaint. Plaintiffs seek to add five additional Tennessee state-law claims against defendants and to add Blue Tarp Financial as a defendant, an entity which was previously dismissed from this case.

Aside from the situations described in Federal Rule of Civil Procedure 15(a)(1), which do not apply here, "a party may amend its pleading only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

The Court will deny plaintiffs' motion for leave to amend on grounds of futility, undue prejudice to defendants, and unnecessary delay. As an initial matter, plaintiffs ask the Court to add Blue Tarp Financial as a defendant pursuant to their proposed second amended complaint. The Court previously dismissed plaintiffs' FDCPA claims against Blue Tarp Financial, finding that Blue Tarp Financial did not attempt to collect a debt from plaintiffs [Doc. 28 p. 20]. That decision remains sound, as the proposed second amended complaint does not allege that Blue Tarp Financial attempted to collect a debt from plaintiffs [Doc. 35-3]. In fact, while plaintiffs request the addition of Blue Tarp Financial in their motion, the proposed second amended complaint does not list Blue Tarp Financial

4

as a defendant in the caption, nor does it list Blue Tarp Financial in the section labeled "parties" where the other defendants are identified [*See id*. at 1–2].

As discussed further below, plaintiffs' FDCPA claims are barred by the applicable statute of limitations because activity associated with the ongoing litigation between the parties is not subject to the continuing violation doctrine and does not constitute a discrete violation of the FDCPA. *Slorp v. Lerner, Sampson, & Rothfuss*, 587 F. App'x 249, 258–59 (6th Cir. 2014). This renders amendment of the complaint futile, as plaintiffs' FDCPA claims will be dismissed, and the remaining claims in the proposed second amended complaint are state-law claims between non-diverse parties over which the Court would decline jurisdiction [*See* Doc. 35-3]; *see also Bowers v. Ophthalmology Gr. LLP*, 648 F. App'x 573, 582 (6th Cir. 2016) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Furthermore, the Court finds that granting leave to amend the complaint would unduly prejudice the defendants and cause unnecessary delay. This is the second time plaintiffs have sought leave to amend the complaint after defendants filed meritorious dispositive motions. While the Court need not decide whether this practice is intended to delay the proceedings, the Court is troubled by this practice, especially considered alongside plaintiffs' other actions, such as their multiple attempts to erroneously remove the underlying state court proceeding to federal court [Case Nos. 3:15-cv-324; 3:17-cv-288]. Defendants have diligently defended this action, and would be prejudiced by the

additional delay and expenditure of resources that would be required if the Court were to allow plaintiffs to amend the complaint a second time, as defendants would need to file new dispositive motions or answers in response to the amended complaint.

### B. Defendants' Motions for Judgment on the Pleadings

Defendants have moved for judgment on the pleadings with regard to plaintiffs' FDCPA claims. Defendants argue (1) the FDCPA applies only to family, personal, and household debts, and the alleged debt in the present case is a commercial debt; and (2) plaintiffs' FDCPA claims are barred by the applicable statute of limitations, as activity associated with the ongoing litigation between the parties is not subject to the continuing violation doctrine and does not constitute a discrete violation of the FDCPA.

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6), and the Court likewise may not consider matters outside the pleadings. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001); Fed. R. Civ. P. 12(d). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." *Bell v. JP Morgan Chase Bank*, No. 06-11550, 2006 WL 1795096, at *1 (E.D. Mich. June 28, 2006) (citing *S. Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The motion should be granted "when no material issue of fact exists and the party making the motion is entitled to

6

judgment as a matter of law." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993) (citation omitted).

The Court need not address defendants' first argument, as their second argument, regarding the statute of limitations, is dispositive. A one year statute of limitations applies to FDCPA claims. 15 U.S.C. § 1692k(d). The underlying state-court collection action was filed on November 21, 2012 [Case No. 3:15-cv-324, Doc. 1-2], and the present action was filed on February 16, 2016 [Doc. 1]. Plaintiffs argue two alleged FDCPA violations occurred within the one year limitations period—a hearing before the special master in the underlying state proceeding on February 13, 2015 [Doc. 35-3 p. 16], and a letter from defendants' attorney proposing a settlement conference dated May 28, 2015 [Doc. 1-1 pp. 32–33]—and that the continuing violation doctrine allows for these events to bring previously alleged FDCPA violations, such as the initiation of the underlying collection lawsuit, within the limitations period.

This argument is misplaced, as the Sixth Circuit has foreclosed this theory. *Slorp v. Lerner, Sampson, & Rothfuss*, 587 F. App'x 249, 258–59 (6th Cir. 2014). In *Slorp*, the plaintiff brought an FDCPA claim in relation to an allegedly deceptive state-court proceeding. The district court found that the plaintiff's FDCPA claim was barred by the statute of limitations. On appeal, the plaintiff argued (1) his FDCPA claim was not barred by the statute of limitations due to the application of the continuing violation doctrine; and (2) submitting an affidavit to the court pursuant to the state court litigation constituted an independent, unprecluded violation of the FDCPA. *Id.* at 257.

The Sixth Circuit found that "application of the continuing violation doctrine to FDCPA claims would be inconsistent with the principles underlying the Supreme Court's limited endorsement of that doctrine in [*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)]." *Id*. at 258. According to the court, an FDCPA claim based on an allegedly unfair lawsuit accrues on the date the suit is filed, and "initiation of the suit [is] a discrete, immediately actionable event." *Id*. Additionally, the Court found:

> A plaintiff who alleges several FDCPA violations, some of which occurred within the limitations period and some of which occurred outside that window, will be barred from seeking relief for the untimely violations, but that plaintiff may continue to seek relief for those violations that occurred within the limitations period. But the violations that occur within the limitations window must be discrete violations; they cannot be the later effects of an earlier time-barred violation . . . . The defendants' deceptive conduct, as alleged in the complaint, consisted of their initiation of unfair, misleading, and abusive legal process against Slorp and their concurrent docketing of a fraudulent assignment. The defendants did not commit a fresh violation of the FDCPA each time they filed pleadings or memoranda reaffirming the legitimacy of their state-court suit; rather, those were the continuing effects of their initial violation.

*Id*. at 259 (internal citations omitted).

Here, plaintiffs attempt to make the same arguments rejected by the Sixth Circuit in *Slorp*. First, plaintiffs may not rely on the continuing violation doctrine to bring FDCPA claims based on events which occurred beyond the limitations period. Second, the discrete events plaintiffs allege took place within the limitations period—the hearing before the special master and the letter requesting a settlement conference—are continuing effects of the underlying state-court lawsuit, which was filed beyond the limitations period, and are thus not themselves discrete violations of the FDCPA which occurred within the limitations

8

period.  Plaintiffs thus allege no discrete violations of the FDCPA within the limitations period, and therefore their FDCPA claims must be dismissed pursuant to 15 U.S.C. § 1962k(d).

## III.    CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend the complaint [Docs. 35, 36] will be **DENIED**, and defendants' motions for judgment on the pleadings [Docs. 32, 33, 48] will be **GRANTED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
